**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**EVELYN RAMOS-ACOSTA**,

  Plaintiff,

    v.

**COMMISSIONER OF SOCIAL SECURITY**,

  Defendant.

**CIVIL NO. 01-2579 (HL)**

**REPORT AND RECOMMENDATION**

The case at bar was brought before the Court pursuant to the Social Security Act's[1] ("Act") judicial review provision, which expressly authorizes any individual who requests disability benefits from the Commissioner of Social Security, but whose request has been denied, to seek review of said decision pursuant to 42 U.S.C. § 405 (g). After reviewing the transcript of the record and the parties memoranda of law (Docket Nos. 18 and 19), the Court **RECOMMENDS** that Commissioner's ruling be **AFFIRMED**.

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner of Social Security's denial of disability benefits is limited in scope. The Court's only tasks are to ensure that the final decision is supported by substantial evidence and whether the correct legal standard was used. 42 U.S.C. § 405 (g); See Seavey v. Barnhart, 276 F. 3d 1, 9 (1ST Cir. 2001). The term "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). If the Court finds the determination to be supported by substantial evidence of record, the Commissioner's findings must be upheld, even if the Court disagrees with them or, had found otherwise under a *de novo* standard of review. See Lizotte v. Secretary of Health and Human Servs., 654 F. 2d 127, 128 (1ST Cir. 1981). However, the

---

[1] 42 U.S.C. § 405 *et seq.*

**CIVIL NO. 01-2579 (HL)**                                          2

Commissioner's findings are not conclusive "when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." <u>Nguyen v. Chater</u>, 172 F.3d 31, 35 (1st Cir. 1999).

## II. FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

After evaluating the evidence of record, the Administrative Law Judge ("ALJ") made the following findings (Tr. 20) in his decision denying plaintiff a disability benefits:

1. The claimant met the disability insured status requirements of the Act on October 11, 1995, the date the claimant stated she became unable to work, and continues to meet them through December 11, 1995.

2. The claimant has not engaged in substantial gainful activity since October 11, 1995.

3. The medical evidence establishes that the claimant has severe dysthymia, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4..

4. The intensity and persistence of the claimant's subjective complaints, including pain, and alleged functional limitations are not supported by the evidence to the extent alleged..

5. The claimant has the residual functional capacity to perform work related activities except for semi-skilled or skilled work (20 C.F.R. 404.1545).

6. The claimant's past relevant work as hand packager did not require the performance of work-related activities precluded by the above limitations (20 C.F.R. 404.1565).

7. The claimant's impairment does not prevent her from performing her past relevant work.

8. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 C.F.R. 404.1520 (e)).

## III. PLAINTIFF'S ARGUMENT ON ADMINISTRATIVE REVIEW

Plaintiff Evelyn Ramos-Acosta ("Ramos-Acosta") alleges on administrative review that the Commissioner's ruling is not supported by substantial evidence. *Plaintiff's Memorandum of Law*, p. 9 (Docket No. 14). In addition, Ramos-Vega alleges that her complaints of pain were not

**CIVIL NO. 01-2579 (HL)**                                    3

adequately considered. Id., 8-9. However, in regards to the latter, plaintiff's counsel has blatantly failed to enlighten the Court as to the specific grounds for said challenge. Other than a brief outline of the applicable law, the plaintiff's memorandum of law contains no factual allegations as to how and why the Commissioner did not properly consider Ramos-Acosta's complaints of pain. As a result, the Court will not entertain said allegation. See United States v. Marks, 365 F. 3d 101, 107 (1st Cir. 2004) (citing United States v. Zannino, 895 F. 2d 1, 7 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work.")). Higgins v. New Balance Athletic Shoe, Inc., 194 F. 3d 252, 260 (1ST Cir. 1999) ("The district court is free to disregard arguments that are not adequately developed"); Mandavilli v. Maldonado, 38 F. Supp. 2d. 180, 199 n. 4 (D. Puerto Rico 1999) (""This fact, however, was not developed as part of [defendant's] argument, and therefore, the Court will not address the implications of this fact in its analysis").

## IV. LEGAL ANALYSIS

As stated above, the standard of review of the Commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). In reviewing the record for substantial evidence, the Court is guided by the mandate that "issues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the Secretary." Richardson, 402 U.S. at 399. The resolution of conflicts in the evidence and the determination of the ultimate question of disability is for the Secretary, not for the doctors or for the Courts. Id.; see also Lizotte v. Secretary of Health and Human Services, 654 F.2d 127, 128 (1st Cir. 1981); Rodríguez, 647 F. 2d at 222; Alvarado v. Weinberger, 511 F.2d 1046, 1049 (1st Cir. 1975) (per curiam).

In the case at bar, the Commissioner found that Ramos-Acosta was not entitled to a period of disability or disability insurance benefits in so much as she was able to perform her past relevant work as a hand packager. (Tr. 20-21). Specifically, the Commissioner concluded that Ramos-Acosta has no exertional limitations, for which her residual functional capacity allows her to perform unskilled work, within which he includes her prior post as hand packager, "at any exertional level."

**CIVIL NO. 01-2579 (HL)**                              4

(Tr. 19). Ramos-Acosta challenges the ALJ's findings, claiming that the evidence of record establishes that she "was suffering and still suffers from severe back pain due to a herniated disc and severe mental condition diagnosed as severe major depression." *Plaintiff's Memorandum of Law*, p. 11 (Docket No. 19).

First off, the Court has failed to find any evidence in the transcript in regards to the claimant's alleged back condition. As to Ramos-Acosta's allegations of mental distress, the evidence of record supports the Commissioner's finding. The record contains evidence that she consistently responded well to treatment and informed of such improvement to her treating sources. (Tr. 267, 270, 275). In addition, in an April 24, 1997 psychiatric evaluation by examining physician Luis Toro ("Dr. Toro"), Ramos-Acosta was found to "show no evidence of bizarre or unusual behavior," "appears in no emotional distress," and had "normal interpersonal relationships." (Tr. 214). Dr. Toro further concluded that Ramos-Acosta showed no evidence of disorganization of thought processes, ideas of reference or delusions, and that she had "good memory" for both recent and remote events. (Tr. 214). Moreover, Ramos-Acosta's Psychatric Review Technique and Mental Residual Functional Capacity assessment both stated that her limitations were moderate at the most. (Tr. 217, 226).

## V. CONCLUSION

After reviewing the appellant's administrative record, the ALJ's findings, the parties memorandum of law (Docket Nos. 18 & 19), and the applicable law, the Court finds that the ALJ's finding that Ramos-Acosta could perform her past relevant work is supported by the evidence, based on the record as a whole. Consequently, the Court hereby **RECOMMENDS** that the Commissioner's ruling be **AFFIRMED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 (d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155

**CIVIL NO. 01-2579 (HL)**                              5

(1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F. 2d 22, 30/31 (1st Cir. 1992).

**IT IS SO RECOMMENDED**

|  | **S/ Gustavo A. Gelpí** |
|---|---|
| **Date: April 13, 2005** | **GUSTAVO A. GELPI** |
|  | **U.S. Magistrate Judge** |